**MAXUM FOUNDATIONS, INC., Plaintiff,**

v.

**SALUS CORPORATION, Defendant & Third Party Plaintiff-Appellee,**

and

**UNITED PACIFIC INSURANCE CO., Defendant,**

v.

**8201 CORPORATION, Third Party Defendant-Appellant.**

No. 86–3056.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1986.

Decided March 4, 1987.

Marie Nicoll Doland (Leslie A. Nicholson, Jr.; Douglas L. Hilleboe; Shaw, Pittman, Potts & Trowbridge, Washington, D.C., on brief), for third party defendant-appellant.

Edgar T. Bellinger (Elena W. King; Zuckert, Scoutt, Rasenberger & Johnson, Washington, D.C., on brief), for defendant & third party plaintiff-appellee.

Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.

PER CURIAM:

The 8201 Corporation (8201) appeals an order of the United States District Court for the Eastern District of Virginia consolidating arbitration proceedings in a construction contract dispute. 8201 insists that it never *expressly* agreed to consolidate arbitrations, even those involving common questions of law and fact, and concludes from this that the district court lacked authority to compel joint proceedings. We agree with the district court, however, that the interrelated contracts sufficiently reveal their intention to consolidate in this type of dispute, and we affirm.

I

8201 owns a hotel/office building/parking garage project in McLean, Virginia. In 1983, 8201 contracted with appellee Salus Corporation (Salus) to perform the general contracting work on the project. In 1984, Salus contracted with Maxum Foundations, Inc. (now doing business as Mocoat, Inc.) (Maxum) to install the foundation system. The General Contract between 8201 and Salus included an arbitration clause; the same arbitration clause was incorporated by reference into the Salus/Maxum contract.

In 1984, Maxum filed a diversity action against Salus in United States District Court for the Eastern District of Virginia, alleging that it had been required to perform work not specified in its contract, and

that Salus failed to provide safe work conditions, or make the necessary payments. Salus, in addition to asserting various defenses, initiated a third-party claim against 8201 claiming that any sums due to Maxum were attributable to the decisions and actions of the owner. Because this "pass through claim" involved non-diverse parties, Salus invoked the court's ancillary jurisdiction. The court dismissed the third-party claim without prejudice, concluding that this claim must be asserted under the Virginia Arbitration Act in accordance with the arbitration clause in the 8201/Salus contract. The court, however, rejected Salus' contention that its dispute with Maxum should also be arbitrated, and the case went to trial. After a judgment for Maxum, this court reversed the district court's refusal to order arbitration. Applying the Federal Arbitration Act we held that the arbitration clause incorporated by reference into the Salus/Maxum contract was indeed binding upon Maxum. *Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974 (4th Cir.1985). The judgment was vacated and we remanded with a direction that the proceedings below be stayed pending arbitration of the claims.

On January 3, 1986, Maxum made its demand for arbitration. Salus counterclaimed, and sought to consolidate its arbitration with 8201, which had been held in abeyance pending the Fourth Circuit's decision. The American Arbitration Association, however, refused to consolidate without a court order. Salus then successfully moved the district court to reopen the original case, which had been stayed pending arbitration and moved to the inactive docket. Once this "anchor claim" between the diverse parties was properly reopened, Salus was able to file an amended third-party complaint against 8201. Salus then moved the court to order consolidation of the arbitration proceedings in the interests of efficiency and to avoid inconsistent arbitrations. The court granted the motion, finding an implicit agreement of the parties to consolidate. 8201 appealed.

## II

The authority of federal courts to order consolidation of arbitration proceedings

where the parties have not agreed to do so is uncertain. The Second Circuit apparently still adheres to the holding of *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966, 975 (2d Cir. 1975), where the court found "more than ample support in the case law for the propriety of a court's consolidation of arbitrations under the federal [arbitration] statute." *See,* for example, *Sociedad Anonima de Navegacion Petrolera v. Cia. de Petroleos de Chile,* 634 F.Supp. 805 (S.D.N.Y.1986); *but see Ore & Chemical Corp. v. Stinnes Interoil, Inc.,* 606 F.Supp. 1510 (S.D.N.Y.1985). The Ninth Circuit, however, has recently noted that the jurisdiction of federal courts over arbitration is predicated on private agreement of the parties, and concluded from this that federal courts cannot order consolidation unless the parties agree not only to arbitrate but to consolidate as well. *Weyerhauser Co. v. Western Seas Shipping Co.,* 743 F.2d 635 (9th Cir.1984).

As the district court correctly perceived, there is no need to test the limits of the court's equity power to order consolidation to promote efficiency and prevent inconsistent arbitrations when the parties have themselves agreed to consolidate. The arbitration clauses in both contracts here provide:

> No arbitration shall include by consolidation, joinder or in any other manner, parties *other than the Owner, the Contractor and any other persons substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration.*

(Emphasis added.) While this provision, contained in both the 8201/Salus contract and the Salus/Maxum contract, does not unambiguously proclaim a willingness to consolidate arbitration, it does so when read in the context of the interlocking contracts between Owner, General Contractor and Subcontractor. Both of the contracts at issue here conferred rights and imposed obligations on *all three parties.* As the district court correctly concluded:

The subcontractor owes certain duties to the owner, and the owner likewise owes certain duties to the subcontractor. While the general contractor contracted with both the owner and the subcontractor, neither of whom directly contracted with each other, this formality should not obscure the dynamic interplay between all three participants in the venture. The interrelated nature of this construction project, the interlocking aspects of the contracts, and the common questions of law and fact lead the Court to find that the *identical* arbitration clauses in the agreements include the duty to arbitrate in one action. The arbitration clause itself hints at this conclusion, since it provides for the consolidation of issues involving common questions of law and fact.

The district court's analysis of the parties' intentions as embodied in their contract, an analysis which tracks the Third Circuit's interpretation of a strikingly similar set of contracts in *Gavlik Construction Co. v. H.F. Campbell Co.*, 526 F.2d 777 (3d Cir. 1975), is cogent and convincing. We affirm.

AFFIRMED.