PAINEWEBBER, INC., Plaintiff,

v.

Marlene FOWLER, Defendant.

Civ. A. No. 92–2055–L.

United States District Court,
D. Kansas.

April 10, 1992.

Michael W. Lerner, Stinson, Mag & Fizzell, Overland Park, Kan., Michael B. Roche, L. Andrew Brehm, Schuyler, Roche & Zwirner, Chicago, Ill., for plaintiff.

Fred J. Logan, Jr., Logan & Logan, Prairie Village, Kan., Joel J. Bellows, Vincent J. Hart, Bellows & Bellows, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff PaineWebber, Inc. (PaineWebber) filed this action seeking an order from the Court consolidating two ongoing arbitration proceedings involving similar issues and parties. Defendant Marlene Fowler (Fowler), the other principal party to the arbitration proceedings, opposes such an order. Currently before the Court are PaineWebber's motion to consolidate the arbitrations or for injunctive relief (Doc. # 3), Fowler's motion to dismiss (Doc. # 6), and PaineWebber's motion for an immediate hearing on the motions to consolidate or for injunctive relief (Doc. # 10).

Pursuant to an agreement between the parties reached during oral argument on these motions, the Court will treat the issues raised as being presented on cross motions for summary judgment.[1] The record in the case was kept open for ten days after oral argument to allow the parties to provide any supplemental material they deemed appropriate to aid the Court's resolution of this matter. After reviewing the record and the parties' arguments, the Court is now prepared to rule. For the reasons more fully developed below, the Court denies PaineWebber's motion to consolidate, grants in part its motion for injunctive relief and denies Fowler's motion to dismiss.

## I. SUMMARY JUDGMENT STANDARDS

When considering a motion for summary judgment, the Court must examine all the evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir. 1981). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. S.W. Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet

---

1. Resolution of Fowler's motion to dismiss for failure to state a claim depends upon materials outside of the pleadings, and must therefore be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) and 56. *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110–11 (10th Cir.1991). PaineWebber's motion for an immediate hearing is moot, as the merits of its argument for relief were addressed at oral argument.

this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511; *Tersiner v. Union Pacific R.R.*, 740 F.Supp. 1519, 1522–23 (D.Kan.1990).

## II. FACTS

Fowler was employed by PaineWebber as a broker from April of 1990 to September of 1991. At the time she was hired Fowler completed and signed a Uniform Application for Securities Industry Registration or Transfer (Form U–4). The U–4 contained an arbitration clause under which Fowler agreed "to arbitrate any dispute, claim or controversy that may arise between me and my firm [PaineWebber], or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or bylaws of the organizations with which I register...." It is undisputed that Fowler was registered with both the New York Stock Exchange, Inc. (NYSE) and the National Association of Securities Dealers, Inc. (NASD).

Fowler and PaineWebber also entered into a written Advance Compensation Agreement at the time Fowler was hired, under which PaineWebber provided Fowler with two forgivable loans totalling $77,-814.00 in exchange for two promissory notes.[2] Each note also contained an arbitration clause, providing that:

> [PaineWebber] and the Employee [Fowler] agree that any action instituted as a result of any controversy arising out of this Note, or as a result of any section interpretation thereof, shall be brought before the Arbitration facility of the National Association of Securities Dealers to the exclusion of all others.

Fowler does not dispute that this clause amounts to a binding contract to arbitrate.

Fowler claims that she was forced to resign her position at PaineWebber because of sexual harassment in the work place. She filed a claim against Paine-Webber and two of its employees on October 16, 1991, before the arbitral body of the NYSE alleging that she was the victim of sexual harassment and that she was constructively discharged.[3] Also included in her claim are allegations that she is excused from her obligations under the promissory notes because she was constructively discharged, and thereby denied the opportunity to earn a full forgiveness of the advances.

PaineWebber filed a separate arbitration claim against Fowler before the NASD on December 3, 1991, pursuant to the arbitration clause contained in the notes. In that claim PaineWebber seeks to recover the amounts allegedly due on the promissory notes executed by Fowler in return for her salary advances. PaineWebber later requested that the NYSE decline to exercise its jurisdiction over Fowler's claim, arguing that the claims presented in that arbitration are identical to those presented in PaineWebber's claim before the NASD, and that the arbitration clause contained in the notes required that the parties' dispute be arbitrated exclusively before the NASD. The NYSE denied PaineWebber's request and opted to exercise jurisdiction over Fowler's claim. Likewise, Fowler requested that the NASD stay its proceedings in deference to her claim filed before the NYSE, but that request was denied. Thus, there are currently two ongoing arbitrations, one before the NASD and one before the NYSE, each involving similar issues.

PaineWebber argues that these two arbitration hearings should be consolidated into the NASD proceeding, which it claims is the only proceeding in which all of the

---

**2.** Under the terms of the notes, a portion of the principal due would be forgiven for each year that Fowler remained employed by Paine-Webber. At the time that Fowler left the company in September of 1991, PaineWebber claims that $42,880.50 remained due on the notes.

**3.** NYSE Rule 347 provides that disputes between a registered representative, such as Fowler, and

a member organization, such as PaineWebber, that arise out of the representative's employment or termination be "settled by arbitration ... in accordance with the arbitration procedure described elsewhere in these rules." Thus, Fowler's sexual harassment and constructive discharge claims were properly brought before the NYSE.

parties' claims can be heard at one time. PaineWebber also suggests that the NASD arbitration, which is scheduled to take place in Kansas City, Missouri, will be more convenient to the parties and the witnesses, most of whom reside in the Kansas City area, than the NYSE arbitration, which is scheduled to be held in Chicago. PaineWebber asks the Court to issue an order consolidating the arbitrations or enjoining the NYSE arbitration from proceeding any further. Fowler opposes these motions, arguing that her choice of forum should not be disturbed[4] and that the Court does not have the authority to consolidate the two hearings. Fowler claims that the decision to consolidate or stay one of the proceedings should be made by the arbitrators, and that if such a decision is not made, she is prepared to go forward with both hearings.

## III. DISCUSSION

The principal question presented by this controversy is whether a federal court has the authority to consolidate two ongoing arbitration proceedings, each instigated pursuant to a private agreement to arbitrate that contains no consolidation provision, and each involving issues that are inextricably intertwined with issues in the other. PaineWebber suggests that courts have the authority to consolidate under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* Alternatively, PaineWebber argues that this Court should enjoin Fowler from pursuing her claims in the NYSE arbitration because she has breached her contract to arbitrate exclusively before the NASD all claims "arising out of" the promissory notes.

### A. The Federal Arbitration Act

■ Whether the Federal Arbitration Act (FAA) provides authority for a district court to compel consolidation of ongoing arbitrations is a matter of dispute among the circuits. Although there is ample case law on either side of this controversy, the Tenth Circuit has not yet passed on this

question. Section 4 of the FAA provides that: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided in such agreement." 9 U.S.C. § 4 (1988). PaineWebber argues that Fowler has refused to arbitrate in the manner provided in the parties' contract, *i.e.*, exclusively before the NASD, and therefore this Court has the authority to compel a consolidation.

Courts holding that the FAA provides authority to compel consolidation primarily rely on Federal Rules of Civil Procedure 42(a) and 81(a)(3). *See, e.g., Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir.1975), *cert. denied*, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976); *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 787–89 (3d Cir.1975); *Hoover Group, Inc. v. Probala & Assocs.*, 710 F.Supp. 677 (N.D.Ohio 1989).

> Rule 42(a) expressly provides for consolidation in situations involving common questions of law or fact and the Federal Rules are generally made applicable to the Federal Arbitration Act as to matters of procedure not covered by the latter (Fed.R.Civ.P. 81(a)(3)). The Arbitration Act is silent as to the issue of consolidating arbitration proceedings. Several courts have therefore held that federal courts can properly order consolidation.

*Hoover*, 710 F.Supp. at 679.

Courts reaching the opposite conclusion primarily rely upon the Ninth Circuit's decision in *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635 (9th Cir.), *cert. denied*, 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984). The *Weyerhaeuser* court reasoned that the principal purpose of the FAA is to protect the contractual integrity of arbitration agreements, and if there is no consolidation provision in the

---

**4.** Fowler's counsel articulated reasons for her choice of forum which were grounded in litigation strategy—but no more so, and no less permissibly, than PaineWebber's countervailing preference to shift the entire matter to its choice of forum.

arbitration clause, courts should not read such an agreement into it by ordering a consolidation. The Sixth Circuit summarized this rationale in *American Centennial Ins. Co. v. National Casualty Co.*, 951 F.2d 107 (6th Cir.1991):

> The Court of Appeals for the Second Circuit has taken a contrary view, relying upon what it deemed the "liberal purposes of the Federal Arbitration Act." ... Although we are not certain what the court meant by "liberal purposes," if the term referred to the purpose of fostering dispute resolutions in a speedy and economical manner ... that view of congressional intent has since been rejected by the Supreme Court in an opinion in which it concluded that "[t]he legislative history of the Act establishes that the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate. We therefore reject the suggestion that the overriding goal of the Arbitration Act was to promote the expeditious resolution of claims." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219, 105 S.Ct. 1238, 1241–42, 84 L.Ed.2d 158 (1985).
>
> The underlying motivation for the [FAA] was to ensure that district courts enforce the agreement of parties to arbitrate. Because the Act was designed to overrule the historical refusal of the judiciary to enforce agreements to arbitrate, it follows that a court is not permitted to interfere with private arbitration arrangements in order to impose its own view of speed and economy.

*Id.* at 107–08.

This Court is convinced that the holding in *Weyerhaeuser* represents the better reasoned approach. The central purpose behind the FAA is the protection of the contractual integrity of arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985); *accord Red-shaw Credit Corp. v. Insurance Professionals*, 709 F.Supp. 1032, 1034 (D.Kan. 1989). Reading consolidation clauses into these agreements, as PaineWebber urges the Court to do in this case, defeats this purpose. If PaineWebber intended to make the NASD the exclusive forum for arbitrating all claims that might arise between it and Fowler, it could have drafted an arbitration clause to that effect. Under the facts of this case, however, Fowler had every right to file her arbitration claim before the NYSE, and it is not this Court's function to rewrite the parties' agreement to facilitate the result that PaineWebber now desires, even if that result might be more efficient.[5]

Of the cases cited by PaineWebber for the proposition that a federal court has the authority under the FAA to compel consolidation, the Court finds that only three are on point, and two of those are from the Second Circuit. *See Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir.1975), *cert. denied*, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976); *Rio Energy Int'l, Inc. v. Hilton Oil Transport*, 776 F.Supp. 120 (S.D.N.Y.1991); *Kanuth v. Prescott, Ball & Turben, Inc.*, [1989 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,430, 1989 WL 90579 (D.D.C.1989). Most of the remaining cases involve a tripartite contractual arrangement in which disputes among the three parties are sought to be consolidated, and in which there are several arbitration agreements that are interrelated. Many also depend upon express or implied language in the arbitration agreements regarding consolidation that is not present in this case. *See, e.g., Maxum Foundations, Inc. v. Salus Corp.*, 817 F.2d 1086, 1087–88 (4th Cir.1987) (language in the agreements indicated intention to arbitrate all claims in one proceeding); *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 788 (3d Cir.1975) (court relied upon interlocking na-

---

5. This case represents an instance in which the Court clearly would prefer a different outcome than the one it feels compelled to reach. Whether the disputes were consolidated before the NYSE or the NASD, resolution in one tribunal would seem to serve the interests of econo-my and time. However, this Court is constrained by what it perceives its legal authority to be, which, in this case, does not include the power to force the parties to do what might arguably be in their mutual best interests to do.

ture of subcontractor's agreement with contractor to compel consolidation of disputes between contractor and subcontractor and contractor and owner); *Drexel Burnham Lambert, Inc. v. Valenzuela Bock*, 696 F.Supp. 957, 959 n. 1 (S.D.N.Y. 1988) (court expressly declined to reach question of authority to consolidate). The weight of authority indicates that the Court does not have the power under the FAA to compel consolidation, absent a clear intention to consolidate expressed in the parties' agreement. *See Baesler v. Continental Grain Co.*, 900 F.2d 1193 (8th Cir.1990); *Protective Life Ins. Corp. v. Lincoln Nat'l Life Ins. Corp.*, 873 F.2d 281 (11th Cir.1989); *Del E. Webb Constr. v. Richardson Hosp. Auth.*, 823 F.2d 145 (5th Cir.1987). The Court therefore concludes that it has no authority under the FAA to order the NASD and NYSE arbitration proceedings consolidated.

### B. Injunctive Relief

PaineWebber alternatively seeks an injunction of the NYSE arbitration because Fowler allegedly breached her contract to arbitrate all claims arising out of the notes exclusively before the NASD. Although Fowler's sexual harassment claims cannot be said to "arise out of" the promissory notes, she expressly raised a claim of constructive discharge as a defense to her obligation to repay the notes in her NYSE action. She thus has raised issues relating to the notes in that arbitration. PaineWebber argues that its right to have all issues regarding the notes arbitrated before the NASD will be irreparably damaged if Fowler is allowed to raise and argue such issues in the NYSE proceeding.

■ Agreements to arbitrate issues exclusively in a particular forum are enforceable as a matter of contract law. *See Redshaw Credit Corp. v. Insurance Professionals*, 709 F.Supp. 1032, 1034 (D.Kan. 1989) (Kelly, J.). Fowler's counsel candidly conceded at oral argument that Fowler technically breached the exclusive arbitration clauses in the promissory notes by

raising issues relating to the notes before the NYSE, and the uncontroverted facts support that conclusion. Much as Fowler had the right to choose the forum before which she raised her sexual harassment and constructive discharge claims, PaineWebber has the right to choose the forum before which all claims arising out of the promissory notes will be arbitrated. If Ms. Fowler is allowed to raise such issues in the NYSE proceeding, PaineWebber's right will be eviscerated.

■ Injunctive relief is appropriate when there is no adequate remedy at law. "The classic remedy for breach of contract is the award of monetary damages. However, if damages at law cannot adequately compensate the injury sustained from the breach or cannot be reasonably measured, then the remedy at law is inadequate and injunctive relief ... may be appropriate because of irreparable injury." *Tri–State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1353–54 (10th Cir.1989); *see also Holly Sugar Corp. v. Goshen County Cooperative Beet Growers Ass'n*, 725 F.2d 564, 570 (10th Cir.1984). The Court finds that no adequate remedy at law exists to compensate PaineWebber for Fowler's breach, making injunctive relief appropriate. PaineWebber is therefore entitled to partial summary judgment on its injunctive relief claim.

Fowler will be enjoined from seeking any relief from her obligation under the promissory notes in the NYSE proceeding. Both parties will also be enjoined from raising any kind of res judicata or collateral estoppel argument in the NASD arbitration should the NYSE arbitration conclude first. The two arbitrations will proceed as scheduled, with all of the parties' claims related to the notes being arbitrated in the NASD proceeding exclusively, and all of Fowler's claims for sexual harassment and constructive discharge other than as excusing her obligations under the notes being arbitrated in the NYSE proceeding.[6] This remedy

---

6. The Court realizes that this could lead to inconsistent results on the question of Fowler's

claim of constructive discharge. However, the

will protect PaineWebber's right to have all issues arising out of the notes arbitrated before the NASD, without expanding that right beyond what the parties contracted for.

It is therefore ordered by the Court that PaineWebber's motion for immediate hearing (Doc. # 10) is denied as moot and Fowler's motion to dismiss (Doc. # 6) (treated as a motion for summary judgment) is denied. PaineWebber's motion to consolidate or for injunctive relief (Doc. # 3) (treated as a motion for summary judgment) is denied in part and granted in part. The motion to consolidate (Doc. # 3–1) is denied, and the motion for injunctive relief (Doc. # 3–2) is granted in part. Fowler is hereby enjoined from seeking any relief from her obligations under the promissory notes in the arbitration proceedings before the New York Stock Exchange. Both parties are hereby enjoined from raising the results of that arbitration proceeding in the arbitration before the National Association of Securities Dealers should the NYSE arbitration reach a conclusion first.

IT IS SO ORDERED.

possibility is inherent in the unavailability of a consolidation procedure.