**PAINEWEBBER, INC.**

v.

**Gregory D. JOHNSON.**

**Civ. A. No. 95–3026.**

United States District Court,
E.D. Pennsylvania.

June 5, 1995.

Edward S. Mazurek, Morgan, Lewis & Bockius, Philadelphia, PA, and Michael B. Roche and James L. Komie, Schuyler, Roche & Zwirner, P.C., Chicago, IL, for plaintiff.

Brian C. Caffrey, Caffrey & Caffrey, Williamsport, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff, PaineWebber Inc., seeks from this Court an Order Compelling Arbitration, or in the alternative, for Consolidation or Injunctive Relief against Defendant, Gregory D. Johnson. For the reasons that follow, Injunctive Relief shall be granted.

## Standard of Review

■ Section Four of the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1970), gives courts the power to order a party to submit to arbitration "in the manner provided for" in a written arbitration agreement. A court should order arbitration upon a showing that "the making of the agreement for arbitration or the failure to comply therewith is not in issue." *Volt Information Sciences v. Board of Trustees,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); *PaineWebber v. Hartmann,* 921 F.2d 507 (3d Cir.1990).

## Findings of Fact

1. Plaintiff, PaineWebber Inc., employed Defendant, Gregory D, Johnson, as a stockbroker and resident manager in Paine-Webber's Williamsport, Pennsylvania branch office from June 1993 to October, 1994.

2. Pursuant to this contractual employment relationship, Johnson entered into various agreements with PaineWebber, including a Promissory Note.

3. The Promissory Note provided that PaineWebber made an Employee Forgivable Loan to Johnson in the amount of $675,-000.00. Equal portions of that loan would be forgiven over the course of five years' employment. In the event that Johnson quit or was terminated for cause, the amount due under the Employee Forgivable Loan would be accelerated.

4. The Promissory Note contained two provisions relevant to this action. The first is an arbitration clause which reads:

> [PaineWebber] and [Johnson] agree that any action instituted as a result of any controversy arising out of this Note, or as a result of any section interpretation thereof, shall be brought before the Arbitration facility of the National Association of Securities Dealers to the exclusion of all others.

5. The second pertinent provision is contained in the paragraph that defines termination for cause. This section reads:

> For purposes of this Note, the term "Cause" shall mean . . .
>
> (iii) any misrepresentation, inaccuracy or omission in any oral or written statement made by the Employee to Paine-

Webber or contained in any document furnished by the Employee to PaineWebber relating to the Employee's production levels, customer base, the terms of any prior employment or the reasons for the termination thereof or involving the Employee's reputation, fitness or character, in each case which, *in the opinion of an NASD arbitration panel* decision to employ the Employee or as to the terms or conditions (including, without limitation the compensation of the employee or the Principle Amount of this Note) of the Employee's employment . . . (emphasis added)

6. Now and at all relevant times, both parties are and were members of or registered with the National Association of Securities Dealers, Inc. (NASD) and the New York Stock Exchange, Inc. (NYSE).

7. On October 25, 1994, PaineWebber terminated Johnson for cause for making oral misrepresentations at the time of his hire with respect to his anticipated production and assets under management. On that same day, PaineWebber demanded payment of the outstanding balance of the Employee Forgivable Loan.

8. On November 19, 1994, Johnson filed an arbitration at the NYSE against Paine-Webber and two of its employees. This arbitration seeks the Promissory Note to be entirely forgiven and a determination that he did not make any misrepresentations. In addition, Johnson makes claims for defamation and destruction of business relationship and opportunities based on PaineWebber's publication of Johnson's alleged misrepresentations.

9. On January 20, 1995, PaineWebber filed an Answer and Counterclaim with the NYSE. These pleadings specifically raised objections to the NYSE's jurisdiction and expressly reserved those objections. Paine-Webber also filed a submission which did not make jurisdictional objections, but expressly incorporated the Answer and Counterclaim, which did.

10. On April 3, 1995, the NYSE set the arbitration for a hearing on June 6 and 7, 1995.

11. On April 14, 1995, PaineWebber filed a parallel arbitration against Johnson with the NASD.

12. Also on April 14, 1995, PaineWebber asked the NYSE to stay its arbitration pending resolution of the NASD proceeding and to adjourn the NYSE proceeding pending resolution of its jurisdictional objections. These requests were denied on April 18, 1995.

13. On May 18, 1995, PaineWebber filed this action in this Court, stating claims under the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1970), and breach of contract.

14. On May 24, 1995, PaineWebber filed this Motion for Injunctive Relief, which was opposed by Johnson. Accordingly, a hearing was held on June 2, 1995. No evidence was introduced at this hearing; rather the parties relied on the attachments to the various pleadings in this action as well as several stipulations.

15. There are no material facts in controversy, accordingly, this Motion is ripe for final decision. Both parties agree that these disputes must be arbitrated; the only question is where.

**Discussion**

■ The Federal Arbitration Act (FAA) gives federal courts the power to enforce arbitration agreements, including the power to consolidate ongoing actions. 9 U.S.C. § 4; *Hartmann*, 921 F.2d at 510; *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 787–89 (3d Cir.1975). Agreements to arbitrate particular issues in a particular forum are enforced as a matter of contract law. *First Options of Chicago v. Kaplan*, —— U.S. ——, ——, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995); *PaineWebber, Inc. v. Fowler*, 791 F.Supp. 821, 826 (D.Kan.1992). If a district court finds that an issue falls within the scope of an arbitration agreement, the court must send the issue to arbitration without regard for the merits of the claim. *Hartmann*, 921 F.2d at 511. In Pennsylvania, the parties' intent to arbitrate a particular issue must be objectively revealed in the agreement before arbitration will be compelled. *First Options*, —— U.S. at ——, 115 S.Ct. at 1924 (applying Pennsylvania law).

■ Here, we find that the two provisions in the Promissory Note clearly and unmistakably make the issues in this lawsuit, as well as the two underlying arbitrations, arbitrable in the NASD only. First, Johnson's claims all rely on the determination of whether he was terminated for cause. This is equally so for the defamation and business opportunities claims as the Promissory Note claim, because the first two claims are based on assertions that he was not susceptible for termination for cause. According to the Promissory Note, whether a termination was for cause can only be determined by an arbitration in the NASD.

Second, the Promissory Note's arbitration clause states that any *action* instituted as a result of a controversy arising out of the Promissory Note is subject to the exclusive jurisdiction of the NASD. This language includes all the issues in this action in that the language makes not only the Promissory Note issues arbitrable only in the NASD, but also all claims brought in the same action as the Promissory Note action.

■ Johnson argues that PaineWebber has waived its right to demand arbitration before the NASD because it has participated in the NYSE arbitration. It cites *Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314 (5th Cir.1994) in support of this argument. The Fifth Circuit held that a party can expand the original arbitration agreement by submitting extra issues to arbitration, and that that expansion will be binding. *Id.* at 1323. We find that PaineWebber's participation in the NYSE arbitration did not waive their right to demand the NASD arbitration because in most NYSE pleadings and all discovery, PaineWebber reserved its jurisdiction objections. Moreover, its Submission specifically incorporated its jurisdictional objections in its Answer and Counterclaim. *Kaplan*, —— U.S. at ——, 115 S.Ct. at —— (arbitration agreement upheld and first arbitration award vacated, because first arbitration in noncontractual forum, even when parties went through entire arbitration).

**50**

Injunctive relief is appropriate when there is no remedy at law for the injury. *Fowler*, 791 F.Supp. at 826. The Third Circuit has held that a party suffers *per se* irreparable injury when it is forced to arbitrate claims it has not agreed to arbitrate. *Hartmann*, 921 F.2d at 515; *Kaplan*, —— U.S. at ——, 115 S.Ct. at 1925. Although *Hartmann* addressed the issue of whether a claim could be arbitrated at all, we find that this principle applies equally to the issue of whether an agreement for an exclusive forum for arbitration can be enforced.[1]

For these reasons, we find that an order enjoining the NYSE arbitration is appropriate. We will, therefore, enjoin the NYSE arbitration, Order Johnson to withdraw his claims in the NYSE and refile them in the NASD.

---

1. This is so even though Johnson has stipulated that res judicata will bind any decision of the NYSE arbitration panel, and that he will not seek a second bite at the apple by asserting jurisdictional failings against an unfavorable decision.